UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-22355

JOSE MANUEL DUARTE MENESES,

     Plaintiff,

v.

BASILICO RISTORANTE AT DORAL, INC.,
and, RODRIGO GONZALEZ, ,

     Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, BASILICO RISTORANTE AT DORAL, INC. and RODRIGO GONZALEZ (hereinafter collectively referred to as "Defendants"), hereby file their Answer and Affirmative Defenses to Plaintiff, JOSE MANUEL DUARTE MENESES's Complaint [D.E. 1] (the "Complaint"), and in support thereof state as follows:

### Introduction

1.    Defendants admit the allegations contained in paragraph 1 of the Complaint only to the extent that Plaintiff purports this to be an action that "seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed." Defendants deny any allegation and/or inference that Defendants have violated the FLSA and/or any related state law and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

### Jurisdiction and Venue

2.      Admitted that the Plaintiff alleges the Court possesses subject matter jurisdiction but denied that the Court possesses subject matter jurisdiction. Defendants deny any allegation and/or inference that Defendants have violated the FLSA and/or any related state law and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

3.      Defendants admit that venue is proper in this district for jurisdictional purposes only; however, Defendants deny any allegation and/or inference that Defendants have violated the FLSA and/or any related state law and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. Defendants deny all remaining factual allegations and/or legal conclusions in Paragraph 3 of the Complaint.

**Parties**

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint, only to the extent that Plaintiff was employed by BASILICO RISTORANTE AT DORAL, INC. All other averments contained within paragraph 4 of the Complaint are denied.

5.      Admitted.

6.      Defendants admit the allegations contained in paragraph 6 of the Complaint, only to the extent that RODRIGO GONZALEZ owns and manages/operates BASILICO RISTORANTE AT DORAL, INC. All other averments contained within paragraph 6 of the Complaint are denied.

7.      Paragraph 7 of the Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations contained therein, deny any allegation and/or inference that Defendant has violated the FLSA and/or any related state law, and deny that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. Defendant respectfully refers the Court

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

to the entirety of the FLSA and related state law, its legislative history, and case law for its full and proper interpretation and effect.

## Facts Common to all Claims

8.      Paragraph 8 of the Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations contained therein, deny any allegation and/or inference that Defendant has violated the FLSA and/or any related state law, and deny that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. Defendant respectfully refers the Court to the entirety of the FLSA and related state law, its legislative history, and case law for its full and proper interpretation and effect.

9.      Paragraph 9 of the Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations contained therein, deny any allegation and/or inference that Defendant has violated the FLSA and/or any related state law, and deny that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. Defendant respectfully refers the Court to the entirety of the FLSA and related state law, its legislative history, and case law for its full and proper interpretation and effect.

## COUNT I - FLSA MINIMUM WAGE VIOLATION(S)

10.      Defendant realleges and incorporates by reference its responses to paragraphs 1 through 9 of the Complaint in response to the allegations in paragraph 10 of the Complaint.

11.      Defendants admit the allegations contained in paragraph 11 of the Complaint, only to the extent that Plaintiff was employed by BASILICO RISTORANTE AT DORAL, INC. All other averments contained within paragraph 11 of the Complaint are denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

12. Defendants admit the allegations contained in paragraph 12 of the Complaint, only to the extent that Plaintiff was employed by BASILICO RISTORANTE AT DORAL, INC. as a dishwasher. Paragraph 12 of the Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations contained therein, deny any allegation and/or inference that Defendant has violated the FLSA and/or any related state law, and deny that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. Defendant respectfully refers the Court to the entirety of the FLSA and related state law, its legislative history, and case law for its full and proper interpretation and effect.

13. Denied.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint, only to the extent that Plaintiff was paid on a weekly basis by BASILICO RISTORANTE AT DORAL, INC. All other averments contained within paragraph 14 of the Complaint are denied.

15. Denied as stated.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint to the extent that Plaintiff worked for BASILICO RISTORANTE AT DORAL, INC. and was paid wages. Defendants deny any allegation and/or inference that Plaintiff was not paid properly for all time worked. All other averments contained within paragraph 16 of the Complaint are denied.

17. Denied. Defendants deny any allegation and/or inference that Plaintiff was not paid properly for all time worked.

18. Denied. Defendants deny any allegation and/or inference that Plaintiff was not paid properly for all time worked.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

19.     Denied. Defendant BASILICO RISTORANTE AT DORAL, INC. is in possession of records reflecting compensation paid to Plaintiff. Defendants deny any allegation and/or inference that Plaintiff was not paid properly for all time worked.

20.     Denied. Defendants deny any allegation and/or inference that Plaintiff was not paid properly for all time worked.

Defendants deny that Plaintiff is entitled to any relief against Defendants in this action, including, without limitation, the relief requested in paragraphs 'a' through 'e' of Plaintiff's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff requests a jury trial but deny that the Plaintiff is entitled to any remedy or relief or that an issue in this case is subject to being determined by a jury.

Defendants deny each and every allegation, matter, statement, or thing contained in the Complaint except as may be herein admitted, qualified, or otherwise explained, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

Without admitting or conceding any matter, Defendants allege and assert the following Affirmative Defenses to the Complaint, undertaking the burden of proof only as required by law and not assuming the burden of proof where substantive law provides otherwise, regardless of how such Affirmative Defenses are denominated herein. Defendants hereby demand judgment in their favor based upon the following avoidances and affirmative defenses:

1.      Plaintiff has failed to state a cause of action upon which relief can be granted, as Plaintiff has been properly paid all compensation to which he is entitled. Plaintiff's claims for damages are barred because Plaintiff has been properly paid by Defendants for all wages earned

and for all hours worked. Plaintiff was an at-will employee, and therefore, Defendants were entitled to compensate Plaintiff at the rate Defendant determined to be appropriate for the work Plaintiff allegedly performed, which was at all time above the overtime rate, as applicable. Plaintiff cannot establish that Plaintiff was paid less than minimum wage during the time period Plaintiff claims is relevant, as Plaintiff was never paid less than minimum wage when considering the number of hours Plaintiff worked and the amount Plaintiff was paid each workweek.

2.      Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as practical administrative matter cannot be recorded with complete precision for payroll purposes are *de minimis* and may be properly disregarded for payroll purposes, consistent with 29 C.F.R. 785.47, the Portal-to-Portal Act, 29 U.S.C. § 255. Plaintiff's claims for unpaid overtime compensation are barred as the acts or omissions complained of were done in good faith and Defendants were acting in good faith reliance on, and conformity with, the Portal-to-Portal Act, 29 U.S.C. §255(8), (11). Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

3.      The relief Plaintiff is seeking is barred, in whole or in part, by the applicable two-year statute of limitations because Plaintiff's lawsuit was not initiated on or before May 7, 2024. If Plaintiff proves that Defendants acted in violation of the Fair Labor Standards Act ("FLSA"), which Defendants vehemently deny, Defendants did not willfully violate the FLSA, and at all times acted in good faith reliance upon, and in conformity with, official written administrative recommendation, rulings, approvals, administrative interpretations, practices, and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division and,

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

in fact, possessed a reasonable, good faith belief that any acts or omissions of Defendants were not in violation of the FLSA. Therefore, any relief Plaintiff is seeking in this matter is barred, in whole or in part, and a three-year statute of limitations is not warranted. *See* 29 U.S.C. Section 255(a); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988).

4. If Plaintiff proves that Defendants acted in violation of 26 U.S.C. § 7434, which Defendants vehemently deny, Defendants did not willfully violate 26 U.S.C. § 7434, and at all times, possessed a reasonable, good faith belief that any acts or omissions of Defendants were not in violation of applicable law(s), rule(s), or regulation(s). If Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendants are not liable to Plaintiff for liquidated, punitive, or exemplary damages for reasons, including, but not limited to Defendants' good faith efforts to comply with the law. Defendants are also not liable for such damages because Defendants did not act in bad faith and/or did not commit any willful, wanton, knowing, intentional or malicious act, or authorize or ratify such an act. Defendants accordingly request this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

5. Plaintiff has no standing to maintain Plaintiff's claims against Defendants, as Plaintiff has not sustained any concrete or particularized injury and has not been damaged in any way whatsoever because Plaintiff received the overtime rate, as applicable for all hours worked during the relevant time period.

6. Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

7.      Plaintiff's regular wage rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff did not perform work, including vacation, sick/medical leave, or for periods of time which Plaintiff was otherwise absent from the workplace, such as holidays and other functions.

8.      Plaintiff's claim is barred by the doctrine of estoppel in that Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

9.      Plaintiff's claims are barred by the provision of 29 U.S.C. § 259 because all actions taken as to Plaintiff's compensation were done so in good faith reliance upon written administrative regulations, orders, rules, approvals, interpretations, and administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

10.     Plaintiff's claims for liquidated damages are barred or precluded pursuant to 29 U.S.C. § 260 because the Defendants' actions regarding overtime compensation for Plaintiff were taken in good faith and with reasonable grounds based on a belief that those actions were not in violation of 29 U.S.C, § 201, et seq.

11.     Defendants are entitled to a set-off as Plaintiff has no right to recovery in this action of any damages or collateral source benefits either paid or payable, including monies Plaintiff received for unemployment benefits, wages Plaintiff has received through alternate employment, or monies Plaintiff could have received through the exercise of reasonable diligence. Any damages awarded to Plaintiff must be offset by all wage payments already made to Plaintiff for hours worked.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

12.     Plaintiff's claims are barred by the doctrines of waiver and/or ratification because if Defendants failed to pay Plaintiff overtime compensation, which Defendants expressly deny, any such alleged failure should have been discovered by Plaintiff through the exercise of ordinary diligence and Plaintiff expressly and/or impliedly ratified the actions of Defendants by, among other things, accepting payments made by Defendants.

13.     Plaintiff's claim for damages is barred by the doctrine of laches in that Plaintiff continued to work without any additional compensation for the alleged hours worked and continued to do so continuously until the conclusion of his employment without asserting, claiming, or otherwise bringing to the attention of Defendants his claimed entitlement to certain compensation. To the extent Plaintiff did assert, claim, or otherwise bring to the attention of Defendants that he was entitled to overtime compensation and that she had not been fully compensated for such overtime, and was provided such compensation, Plaintiff's acceptance of any such compensation and failure to assert, claim, or otherwise bring to the attention of Defendants that such compensation was incorrect or otherwise not the full and complete amount of compensation owed, if any, the doctrine of laches bars Plaintiff's claim for damages, in whole or in part.

14.     Defendants are entitled to recover their costs and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

15.     Plaintiff is seeking to recover damages that are completely speculative in nature.

WHEREFORE, Defendants, BASILICO RISTORANTE AT DORAL, INC. and RODRIGO GONZALEZ, , demand judgment in their favor, request trial by jury on all issues so triable, and request all relief to which Defendants are entitled, including, but not limited to,

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.,* 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Honorable Court deems just and proper.

## **RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES**

The facts having not been fully developed, Defendants affirmatively plead any defenses that may become applicable to this action and any other matter constituting an avoidance or affirmative defense. Defendants hereby gives notice that they may rely on additional defenses if and when such defenses become known during the course of litigation, and hereby reserve the right to amend their Answer to assert any other defenses as become known or available.

As to all Affirmative Defenses listed above, discovery is ongoing and thus, Defendants hereby reserve their right to later seek leave to amend these Affirmative Defenses for the purposes of adding additional defenses or modifying the defenses presently asserted, based upon information discovered during the course of discovery in this matter. Defendants in no way intend to waive their ability to amend their Affirmative Defenses throughout the course of discovery.

*[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants BASILICO RISTORANTE AT DORAL, INC. and RODRIGO GONZALEZ*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6747
Facsimile (305) 373-2294
Primary e-mail: steven.ehrlich@csklegal.com
Secondary e-mail: nicholas.nashII@csklegal.com

By:   s/ Nicholas M. Nash, II
STEVEN L. EHRLICH
Florida Bar No.:  91409
NICHOLAS M. NASH, II
Florida Bar No.:  1017063

5888.3353-00/-1

11
**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX